# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

GARY CHARLES BRESTLE,

    Petitioner,

v.

V.J. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-54

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gary Charles Brestle ("Brestle"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondents filed a Response. (Doc. 17.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Brestle's Petition and that this case be **CLOSED**. I also **RECOMMEND** the Court **DENY** Brestle *in forma pauperis* status on appeal.

## BACKGROUND

On January 4, 2008, Brestle was sentenced in the Southern District of Florida to a 120-month term of incarceration. (Doc. 17-2, pp. 1–2.) This sentence followed his convictions, via a guilty plea, for committing wire fraud, in violation of 18 U.S.C. § 1341, and money laundering (promotion), in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (2). Id. Brestle has a projected release date of December 13, 2016, via good conduct time release, to be followed by three (3) years of supervised release. (Doc. 17–1.) Brestle is currently serving his sentence at FCI Jesup, where Respondent V.J. Flournoy serves as the Warden.

Brestle has filed a litany of pleadings in this action. However, his claims boil down to a request to receive a reduction in his sentence for having provided cooperation to federal officials. (Doc. 1.) Brestle states that he "was promised a 'sentence reduction' 'credit,' (time off the duration of his sentence), for his cooperation for reporting crimes against the United States, which involved the capturing of incriminating documents, and other inter alia [sic], which illustrate these crimes perpetrated by federal inmates in the custody of Respondent, and numerous outside coconspirators." (Doc. 1, p. 1.) He goes on to allege that he assisted in uncovering a "'money laundering scheme' perpetrated by federal inmates" and others that "promote acts of terrorism." (Id. at p. 2.)

## DISCUSSION

**I.  Whether Brestle can Proceed Pursuant to Section 2241[1]**

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'" Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the

---

[1] Petitioner frequently cites a statement from Chief Judge Lisa Godbey Wood's Order dismissing his prior Bivens action, Order, Brestle v. United States, 2:14-cv-130 (S.D. Ga. Dec. 29, 2014), ECF No. 65, p. 2, that "[t]o the extent Brestle raised a claim in an administrative remedy which could potentially be cognizable pursuant to § 2241, i.e., that he should be given credit against his sentence, there is no evidence that he exhausted such claim." Judge Wood did not imply, much less hold, that the claims raised herein are cognizable under Section 2241. Moreover, Brestle does not request that Respondent give him credit against his sentence. Rather, he requests that his actual sentence be reduced.

2

validity of a conviction and/or sentence.  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable.  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013).  First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).  Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier."  Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings."  Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted).  However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause."  Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision.  The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

3

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Though Brestle styles his action as a Section 2241 Petition, he offers no assertion as to how the remedy afforded under Section 2255 is inadequate or ineffective to challenge the legality of his convictions and sentence. Because Brestle has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Brestle argues that he is challenging the manner in which his sentence is being executed. (Doc. 19, pp. 2–3 (citing Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000).) He also cites Federal Rule of Criminal Procedure 35(b) in support of his request. However, federal courts that have addressed these same arguments have found that Section 2241 does not provide an avenue for relief. Whitaker v. Dunbar, 83 F. Supp. 3d 663, 668 (E.D.N.C. 2014) ("As for [petitioner's] claim [for a reduction in his sentence] under Rule 35, the claim is not cognizable in a section 2241 petition.") (citations omitted)); Garcia v. Beeler, No. CIV.A. 97-5624(JEI), 1998 WL 418041, at *1 (D.N.J. July 20, 1998) ("This court may not consider [petitioner's] habeas corpus petition, under 28 U.S.C. § 2241, because sentencing reductions should be challenged before the sentencing court under 28 U.S.C. § 2255 not under 28 U.S.C. § 2241. Therefore, this court does not have jurisdiction.").

For example, in Hicks v. Patton, No. 07CV046–HRW, 2007 WL 2793847 (E.D. Ky. Sept. 26, 2007), the petitioner, like Brestle, brought an action in the district of his imprisonment

4

alleging that the government violated its agreement to move to reduce his sentence after he provided significant cooperation during his imprisonment. Hicks, the petitioner, did not rely upon Section 2255 savings clause but instead argued, like Brestle, that he challenged the execution of his sentence, not its imposition. Id. at *5. The court nonetheless found that Section 2241 did not provide it with jurisdiction to grant the petitioner his requested relief. Id. ("Hicks' trial court is the only court with jurisdiction to decide Petitioner's claim that he is entitled to a sentence reduction based upon a post-sentencing agreement made with representatives of the United States. . . . There simply is no authority for this Court to entertain the claim.").

The court in Garcia, 1998 WL 418041, at *4–6, came the same conclusion when refusing to hear a 2241 petition based on the petitioner's cooperation during his incarceration. The rationale of the Garcia court is particularly instructive, and thus, the Court quotes it at length:

> Petitioner is correct in asserting that the post-sentencing nature of the petition clouds the jurisdictional issue, but he is not necessarily correct in assuming that § 2255 is not the proper statute under which to seek relief where the government allegedly breaches an agreement to make a Rule 35(b) motion.
>
> According to Federal Habeas Corpus Practice and Procedure, § 2241 is the appropriate means of relief only in the following narrow contexts: (1) Administration of parole; (2) Computation of credit for pre-trial detention, good time credit, and other means of shortening sentences that are administered by prison officials; (3) Prison disciplinary actions, transfers, and changes in the type of detention; (4) Prison conditions; (5) Extradition; (6) Deportation or exclusion; (7) Court martial proceedings. Federal Habeas Corpus Practice and Procedure, § 41.2(b) at 1185–1188.
>
> These contexts are similar to the situation at bar in that none are the product of an error made by the sentencing judge. Since Rule 35(b) motions are not entered by the sentencing judge and they are "other means of shortening sentences," it is understandable why petitioner would argue that § 2241, rather than § 2255, affords him relief.
>
> Nevertheless, most courts appear to accept that challenges to the government's failure to make a Rule 35(b) motion are more properly brought under § 2255. There are a plethora of cases where prisoners have filed for relief in Rule 35(b) situations and most, if not all, have been decided under § 2255. See United States

5

v. Nino, 878 F.2d 101, 103 (3d Cir. 1989); United States v. Gibbs, 813 F.2d 596, 603 (3d Cir. 1986). In fact, the Seventh Circuit has held that challenges to the government's breach of an agreement to file a Rule 35(b) motion must be brought under § 2255. See Jackson v. Pitzer, 108 F.3d 1379 (7th Cir. 1997); Thurman v. Gramley, 97 F.3d 259, 264 (7th Cir. 1994); Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

Historically, the courts have used § 2255 when examining Rule 35(b) questions. The logic behind that choice is consistent with the desire to both preserve the integrity of the sentencing system and maintain its efficiency. Having the sentencing court address the merits of petitioner's petition under § 2255 preserves the integrity of the sentencing system by ensuring that the same judge decides both 1) whether or not the government's alleged promise to make a Rule 35(b) motion must be specifically enforced and 2) if the promise must be enforced and the motion made, whether or not a reduction in sentence is warranted. We recognize, without making any pronouncement on this particular petitioner's right to a reduction, that Rule 35(b) motions are generally unsuccessful. However, because not all Rule 35(b) motions are denied and some prisoners do receive reductions after the government has made a motion, see United States v. Moscahlaidis, 868 F.2d 1357 (3d Cir. 1989); United States v. Arnett, 628 F.2d 1162 (9th Cir. 1979); United States v. Amaya, 111 F.3d 386 (5th Cir. 1997), a challenge to the government's failure to make the Rule 35(b) motion goes directly to the imposition of a petitioner's sentence, an issue that must be determined under § 2255. If petitioner were successful in obtaining a reduction after the government made its motion, the sentencing judge would be required to modify the sentence originally imposed. Thus, petitioner's claim that the government breached its agreement to make the Rule 35(b) motion is inextricably connected to the imposition of his sentence. The finality of another judge's imposition of a sentence might be threatened if this court undertook the determination of whether or not the government has violated petitioner's constitutional rights by its refusal to move for a sentence reduction under Rule 35(b). This result cannot be permitted.

Requiring the sentencing judge to hear petitioner's claim under § 2255 also promotes judicial efficiency. In Rule 35(b) motion disputes, the person most well suited to make an objective review in a timely and equitable fashion is the person who handed down the original sentence. Considering the enormity of some records and the complexity of most situations, it is foreseeable that a large amount of time and money would be wasted were we to subject a new judge to the task of reexamining a case previously handled by the sentencing judge. Accordingly, petitioner must seek relief under § 2255 rather than § 2241 in order to effectuate the design of our sentencing system.

This rationale applies with equal force in the case at hand. Brestle is asking this Court to

do more than review the administration of service credits or some other manner of execution of

his sentence. He is asking this Court to modify the length of the term of his imprisonment imposed by the Southern District of Florida. See Bishop, 210 F.3d at 1305 ("the district judge had no jurisdiction to convert or override [the petitioner's] sentence by fiat.").

Moreover, even if this Court had jurisdiction to hear Brestle's Petition, he provides no basis for this Court to compel the Government to file a Rule 35(b) motion. Rule 35(b) reads, in pertinent part:

> The court, on motion of the Government made within one year after the imposition of sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. . . . The court may consider a Government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known to the defendant until one year or more after the imposition of sentence.

Fed. R. Civ. P. 35(b). As an initial matter, any Rule 35(b) Motion should be brought in the Court of conviction. Moreover, Rule 35(b) does not allow a court to reduce a defendant's sentence except on motion of the Government. On this issue, the Eleventh Circuit has explained,

> As the language of the rule indicates, the district court may only reduce a defendant's sentence pursuant to Rule 35(b) upon the government's motion. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990). The Supreme Court has held that this rule gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). We have previously explained, however, that "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993).

United States v. Ramos-Yanac, 454 F. App'x 705, 705–06 (11th Cir. 2011). Brestle has not alleged any constitutionally impermissible motive. Thus, even if this Court had jurisdiction, it could not second-guess the Government's decision to not file a Rule 35(b) motion. Additionally, as the Respondent points out in his brief, he does not have any authority, as the Warden of FCI

Jesup, to file a Rule 35 Motion. See United States v. Ellis, 527 F.3d 203, 207 (1st Cir. 2008) ("We conclude the term 'government' in Rule 35(b) does not mean a warden.").

Petitioner requests, as an alternative remedy, that he be placed on home confinement. (Doc. 19, pp. 3–4.) However, he does not cite any statute, regulation, or rule that would afford him this relief. Furthermore, inmates do not have a constitutional right regarding the place of their confinement. McKune v. Lite, 536 U.S. 24, 39 (2002). Additionally, pursuant to 18 U.S.C. § 3621, "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed[.]" 18 U.S.C. § 3621(a). This statute gives the Bureau of Prisons ("BOP") the exclusive authority to designate the place of imprisonment of any prisoner, provided that the facility meets minimum health and habitability standards. 18 U.S.C. § 3621(b). The Supreme Court has interpreted this statute to mean that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621); see also United States v. Smalley, No. 1:13-CR-010, 2015 WL 5001189, at *1 (S.D. Ga. Aug. 21, 2015) ("the 'primary authority to designate defendant's manner and place of confinement at any stage during execution of [his] prison sentence rests with the Bureau of Prisons, not with the Court.'") (quoting United States v. Morales–Morales, 985 F. Supp. 229, 231 (D.P.R. 1997)).

For all of these reasons, the Court should **DISMISS** Brestle's 2241 Petition.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Brestle leave to appeal *in forma pauperis*. Though Brestle has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of

8

party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Brestle's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that that Court **DISMISS** Brestle's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Brestle leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Brestle and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA